```
FILED ___ LODGED
RECEIVED ___ COPY

NOV 20 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
for the
District of Arizona ▼

_____ Division

| | | |
|---|---|---|
| KELLEY JUSTIN MACE | ) | Case No. **CV23-02426-PHX-MTL** |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |
| -v- | ) | |
| WELLS FARGO BANK N.A. | ) | |
| MICHAEL P. SANTOSASSIMO - CFO | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

   **A.  The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | KELLEY JUSTIN MACE |
   | Street Address | 2525 N 53RD ST |
   | City and County | PHOENIX, MARICOPA |
   | State and Zip Code | ARIZONA, 85008 |
   | Telephone Number | 5058505339 |
   | E-mail Address | MACEKELLEY5@GMAIL.COM |

   **B.  The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | WELLS FARGO BANK N.A. |
| Job or Title (if known) | |
| Street Address | 420 MONTGOMERY ST |
| City and County | SAN FRANCISCO, SAN FRANCISCO |
| State and Zip Code | CALIFORNIA, 94104-1298 |
| Telephone Number | 6126671234 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | MICHAEL P. SANTOMASSIMO |
| Job or Title (if known) | CHIEF FINANCIAL OFFICER |
| Street Address | 420 MONTGOMERY ST |
| City and County | SAN FRANCISCO, SAN FRANCISCO |
| State and Zip Code | CALIFORNIA, 94104-1298 |
| Telephone Number | 6126671234 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
12 U.S.C. 412, 12 U.S.C. 1431(a), 12 U.S.C. 5565(c)2(c), 15 U.S.C. 1691e, 15 U.S.C. 1602p, 15 U.S.C. 1611, 15 U.S.C. 1643(a)(e), 15 U.S.C. 1644(a), 15 U.S.C. 1644(f), 12 U.S.C. 5532(b)(2), 15 U.S.C. 6802(a), 15 U.S.C. 6802(b)1(c), 15 U.S.C. 6803(a), 18 U.SC. 891(7), 18 U.S.C. 1028A(a)(1), 18 U.S.C. 1028(a)(7), 12 C.F.R. 202.4(a), 12 C.F.R. 1002.1(b), 12 C.F.R. 1002.2(z), 12 C.F.R. 1002.4(a), 12 C.F.R. 1002.4(d)1&2, 12 C.F.R. 1002.6(a), 12 C.F.R. 1002.6(b)1, 12 C.F.R. 1002.7, 12 C.F.R. 1002.16, 12 C.F.R. 1026.2(a)8, 12 C.F.R. 1026.2(a)15(i), 12 C.F.R. 1026.2(a)15(ii), 12 C.F.R. 1083.1

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

   1.  The Plaintiff(s)

       a.  If the plaintiff is an individual
           The plaintiff, *(name)* _____, is a citizen of the
           State of *(name)* _____.

       b.  If the plaintiff is a corporation
           The plaintiff, *(name)* _____, is incorporated
           under the laws of the State of *(name)* _____,
           and has its principal place of business in the State of *(name)*
           _____.

       *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

   2.  The Defendant(s)

       a.  If the defendant is an individual
           The defendant, *(name)* _____, is a citizen of
           the State of *(name)* _____. Or is a citizen of
           *(foreign nation)* _____.

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. On 6/2/23, Plaintiff as a Federally protected consumer, submitted an online application for a BILT World Mastercard credit card through Wells Fargo Bank, and was denied credit (Exhibit M). 2. All correspondence sent from Plaintiff to Defendant were sent USPS certified mail, return receipt (Exhibit C). 3. After the denial, on 7/12/23, Plaintiff sent an Adverse Action letter to Defendant to inform them of their violations of federal law and ways to provide remedy (Exhibit D). The Adverse Action letter was returned to sender for incorrect address. 4. On 8/14/23, Plaintiff submitted a CFPB complaint online to inform the CFPB of the Defendant's violations of federal law, and the ways in which the Defendant could remedy Plaintiff (Exhibit H). Cont'd pages (2 & 3) ...

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Plaintiff is seeking from the Defendant, restitution in the form of Federal Reserve Notes and an open-ended unsecured credit card, as per 15 U.S.C. 1637. 2. Place the credit card in 'Do Not Pay' status, keep the account open indefinitely with no restrictions, and place the Plaintiff as primary custodial account holder. 3. Defendant is to pay Plaintiff $333,000,000 for violations of the aforementioned laws, and damages done to Plaintiff. 4. At the time and date of Plaintiff's online application, Defendant became liable under 12 U.S.C 412 (Federal Reserve Act 16 pt 2) and is threfore liable under civil money penalty. 5. On 7/2/23, Defendant received Plaintiff's application for an extension of credit. At the time and date of Plaintiff 's application and denial, defendant became liable

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

under 12 U.S.C. 505. 6. Plaintiff, on 4 separate occasions, delivered letters USPS certified mail return receipt, to defendant. These signed and notarized letters from Plaintiff detailed the defendant's violations and how the Defendant could remedy the Plaintiff in a private manner. 7. The Defendant denied the Plaintiff's right to credit and rejected remedy on all attempts, thereby placing the Defendant civilly liable under 12 U.S.C. 505(4). 8. As of the submission of these document to be filed with the court, 138 days will have passed since the Plaintiff submitted an application to the Defendant for an extension of credit. 9. At $1,000,000 / day, at 138 days, the aggregate for the single violation would be $138,000,000. Cont'd on extra pages (4)...

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Nov 20th 2023

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: KELLEY J. MACE

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Kelley Justin Mace -V- Wells Fargo N.A.,
Michael P. Santomassimo

# Cover Sheet

## Pro Se – Complaint for a Civil Case – Extra Pages, Continued

**Contents:**

Page 1 – Cover page

Page 2 – III. Statement of Claim – Continued

Page 5 – IV. Relief – Continued

1

## Pro Se - Complaint for a Civil Case – Continued

### III. Statement of Claim – Continued

5. On 8/16/23, Plaintiff sent a Notice of Default, Demand for Equitable Remedy and Bill of Particulars to Defendant (Exhibit E). The letters informed Defendant of their violations of federal law and provided options for remedy to Plaintiff. Plaintiff provided a time frame of fifteen (15) days to allow Defendant to respond. All correspondence sent from Plaintiff to Defendant contained copies of previously drafted letters.

6. Defendant responded to Plaintiff's CFPB complaint on 8/16/23 (Exhibit I).

7. On 9/16, Plaintiff sent a Notice of Default / Opportunity to Cure, and Bill of Particulars to Defendant. Both letters were signed & notarized (Exhibit F). The letters informed Defendant of their violations against Plaintiff and of federal law, and also provided a way in which to remedy Plaintiff. Plaintiff set a time frame of fifteen (15) days to allow Defendant to respond. Correspondence to Defendant contained all previous letters sent from Plaintiff.

8. On 9/16, Plaintiff sent a signed and notarized Affidavit of Notice of Default, to Defendant (Exhibit K), explaining the facts of the matter in relation to Plaintiff's position.

9. On 9/16, Plaintiff sent all correspondents between Plaintiff and Defendant, via USPS certified mail return receipt to: the CFPB, the FTC, the U.S. Secretary of State, the U.S. Attorney General, and the Maricopa County Recorder's Office, to be put on record. Exhibit J will provide evidence of record of the USPS certified mail receipts.

10. On 10/24, Defendant responded to the third set of letters via regular USPS mail, stating that Defendant has made no wrong determinations or decisions based on internal policy (Exhibit I).

11. On 10/30, Defendant offered Plaintiff, by way of Postal Mail, an option to resolve the issue in mediation (Exhibit I).

12. On 11/1, Plaintiff sent Defendant a Letter of Intent, Intent to Sue and Bill of Particulars. All documents were signed and notarized (Exhibit G). The letter was to inform Defendant of the intent of the Plaintiff, and to offer a final opportunity to resolve these issues in a private manner.

13. On 11/13, Plaintiff submitted a CFPB complaint on CFPB.gov, citing Defendant's actions and the ways to remedy Plaintiff.

14. On 8/30, 9/6, 10/20, and 11/10, Defendant had Escalations Representatives call from the Enterprise Complaints Management Office to inform Plaintiff that their determinations of no discrimination were still to be upheld & and no remedy would be awarded. Defendant informed Plaintiff that Plaintiff's account regarding the credit card was closed due to inactivity of use.

15. 12 U.S.C. 412 – At the time of Plaintiff's online application, Defendant, as a Federal Reserve Member Bank, failed to issue credit to applicant. The Federal Reserve Notes (credit) applied for by the Plaintiff through the Defendant were not issued to the correct party. Defendant maintained

2

Plaintiff's Collateral Security, withheld the tender equal to the amount of the application and denied Plaintiff said notes in the form of a credit card.

16. 12 U.S.C. 1431(a) – Defendant at the time and date of the Plaintiff's online application, was breaching their fiduciary duty and not preforming their general powers and duties as a bank.

17. 12 C.F.R. 1002.1(b) – Plaintiff at the time of application and throughout the administrative process, has in good faith exercised his rights under the Consumer Credit Protection Act and Defendant has denied Plaintiff credit.

18. 12 C.F.R. 1002.2(z) – From July 2nd to present day, Plaintiff has in good faith exercised his rights under the Consumer Credit Protection Act, the Equal Credit Opportunity Act, the Truth In Lending Act, and with the Consumer Credit Protection Bureau.

19. 12 C.F.R. 1002.4(a) – Defendant, at the time and date of Plaintiff's online application, denied Plaintiff his right to credit – on a prohibited basis. Credit, as per 15 U.S.C. 1602(f) is a right and not a privilege.

20. 12 C.F.R. 1002.4(d)1&2 – Before or during the Plaintiff's online application, Defendant failed to provide Plaintiff with the appropriate disclosures in a clear and conspicuous manner.

21. 15 U.S.C. 6802(a) – At the time and date of the Plaintiff's online application, Defendant illegally obtained Plaintiff's non-public personal information through an affiliated third party (i.e. consumer reporting agencies), by way of Plaintiff's card information &/or application.

22. 15 U.S.C. 6802(b)1(C) – Defendant did not provide Plaintiff before or during the application process; 1) an opportunity to opt-out of the consumer credit check *or* 2) opt-out of the Defendant (financial institution) disclosing the Plaintiff's non-public personal information to affiliate or not affiliate third parties, as per defined in 15 U.S.C. 6809(4)A. As a result of the Plaintiff's application, a hard hit (finance charge) was assessed on the Plaintiff's consumer credit profile by the Defendant, which is receipt of a transaction (Exhibit's A & B).

23. 15 U.S.C. 6803(a) – Defendant, at the time and date of Plaintiff's online application, did not provide Plaintiff the appropriate documentation in a clear and conscious manner, as is regulated under the Gramm–Leach-Bliley Act.

24. 12 U.S.C. 5532(b)(2) – Defendant failed to provide Plaintiff, before, during and directly after the application process, the appropriate and required opt-outs, disclosures and documentation.

25. 12 C.F.R. 1002.6(a) – At the time and date of Plaintiff's online application, Defendant denied Plaintiff credit on a prohibited basis.

26. 12 C.F.R. 1002.6(b)1 – At the time and date of Plaintiff's online application, Defendant denied Plaintiff credit on a prohibited basis, taking into account a system of evaluating credit worthiness.

27. 12 C.F.R. 1002.7 – As a credit worthy applicant at the time and date of the online application, Plaintiff was denied an extension of credit on a prohibited basis, by Defendant.

28. 12 C.F.R. 202.4(a) – At the time and date of the online application, Defendant denied Plaintiff credit on a prohibited basis.

3

29. 12 C.F.R. 1026.2(a)8 – Plaintiff is the Cardholder. At the time and date of Plaintiff's online application, Defendant fraudulently used Plaintiff's card (as per defined in 12 C.F.R. 1026.2(a)15(i,ii)) to acquire Plaintiff's credit, without providing the Plaintiff the tender that was to accompany the Plaintiff's application. – As per 12 U.S.C. 412.

30. 12 C.F.R. 1026.2(a)15(i) – At the time and date of Plaintiff's online application, Defendant used Plaintiff's credit card to obtain Plaintiff's credit, then denied Plaintiff the extension of credit.

31. 12 C.F.R. 1026.2(a)15(ii) – At the time and date of Plaintiff's online application, Defendant denied Plaintiff's right to the extension of credit, under 12 C.F.R. 1026.2(a)15(i, ii).

32. 15 U.S.C. 1602p – At the time and date of Plaintiff's online application, there was unauthorized use of Plaintiff's card by the Defendant, and the cardholder received no benefit.

33. 15 U.S.C. 1643(a)(e) – At the time and date of Plaintiff's online application, there was unauthorized use of Plaintiff's card by the Defendant. Defendant failed to give Plaintiff 'adequate notice' of all pertinent facts in a clear and conscious manner as per 15 U.S.C. 1602(k).

34. 15 U.S.C. 1644(a)&(f) – At the time and date of Plaintiff's online application, Defendant fraudulently used Plaintiff's card to obtain money, affecting interstate commerce.

35. 18 U.S.C. 891(7) – Defendant, at the time and date of Plaintiff's online application, used criminal means to extort credit from Plaintiff. Said extortion caused harm and damage to Plaintiff and his reputation.

36. 18 U.S.C. 1028A(a)(1) – At the time and date of Plaintiff's online application, Defendant used Plaintiff's identity without lawful authority to commit fraud, as per subsection c(1) section 641, in relation to theft of public money. i.e. Plaintiff's credit.

37. 18 U.S.C. 1028(a)(7) – At the time and date of Plaintiff's online application, Defendant used Plaintiff's identification without lawful authority, to commit fraud.

## IV. Relief – Continued

10. 12 C.F.R. 1083.1 Tier 3 – Updated and codified from 12 U.S.C. 5565(c)2(C), Defendant is liable for civil money penalties, updated at $1,362,567 / per day. 138 days from submission of application to submission of complaint equals $188,034,246. Enforceable to any one of the eleven (11) separate violations of Title 12, Chapter X by Defendant, as per the Enforcement Powers Subchapter V, Title 12.

11. 12 C.F.R. 1002.16 – At the time and date of Plaintiff's online application, Defendant is liable under this statue for punitive damages at a max of $10,000 per violation in this chapter. 7 violations total, equaling $70,000.

12. 15 U.S.C. 1611 – At the time and date of Plaintiff's online application, Defendant willfully and knowingly failed to provide information to Plaintiff that was required to be disclose under this statue. With a max fine of $5,000, a max of a year in prison, or both.

13. 15 U.S.C. 1643(a)(e) – At the time and date of Plaintiff's online application, there was an unauthorized use of the Plaintiff's card by the Defendant.

14. 15 U.S.C. 1644(a)&(f) – At the time and date of Plaintiff's online application, Defendant fraudulently obtained Plaintiff's card affecting interstate commerce liable for no more than $10,000, 10 years in prison, or both.

15. U.S.C. 1028A(a)(1) – At the time and date of Plaintiff's online application, Defendant became liable for imprisonment of two (2) years, as per violation of this statue.

16. 18 U.S.C. 1028(a)(7) – At the time and date of Plaintiff's online application, as per 18 U.S.C. 1028(b)2(B), Defendant is liable for fine or imprisonment of not more than 5 years for the unauthorized use of Plaintiff's identification.

17. 15 U.S.C. 1691e(a&b) – At the time and date of Plaintiff's online application, Defendant is liable under this subchapter to the aggrieved Plaintiff for punitive damages in an amount, no greater than $10,000.

18. According to the Postal Rule and the UCC: throughout the time of Plaintiff's Administrative process paperwork, Defendant received and accepted three (3) separate negotiable instruments, in the form of written Bills of Particulars. All three negotiable instruments, totaling $200,641,000 have been accepted by Defendant. Plaintiff demands the instruments to be paid.

19. Plaintiff has attempted on four separate occasions to amicably resolve these issues privately, all of which have been rejected by Defendant. Punitive and actual damages due by Defendant to Plaintiff totaling $6,965,754. From the time of application to present, Plaintiff has personally endured extreme internal anxiety, humiliation, economic stress, suffering and mental anguish. Plaintiff has also suffered a loss of time with family, loss of sleep and effect on sleep, stress on personal relationships and pressure in all areas of life because of this denial of credit and proceeding engagements with Defendant.

20. 18 U.S.C. 892(a) – Defendant is liable under this subsection for violating 18 U.S.C. 891. Punishment is a fine, a max of 20 years in prison, or both.