**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelley Justin Mace, | No. CV-23-02426-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

Plaintiff Kelley Justin Mace, proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") and its Chief Financial Officer. (Doc. 1.) Before the Court is Defendants' Motion to Dismiss for insufficient service of process pursuant to Rule 12(b)(5), Fed. R. Civ. P., and for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 14.) For the reasons below, the Court will grant the Motion, and will grant Plaintiff leave to amend and properly serve process.

**I.**

Defendants argue that service of process was defective as to them both because the complaint and summons were left with a branch manager at a Wells Fargo Branch in Scottsdale, Arizona. (Doc. 9; Doc. 10.) Defendants argue that the branch manager was not an agent authorized to receive service on behalf of Wells Fargo, or its Chief Financial Officer. (Doc. 14 at 6.)

Rule 4(c) outlines the steps for service of process. First, the Rule mandates that a summons be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Second, the

Rule establishes that service must be accomplished by an adult who is not a party to the case. Fed. R. Civ. P. 4(c)(2).

Under Federal Rule of Civil Procedure 4(h)(1)(B), process can be served on an out-of-state corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h) mandates personal service on someone at the corporation; service by mail to a general corporate address is not sufficient. *See Jones v. Bank of America NA*, No. CV-17-08231-PCT-SMB, 2018 WL 6831961 (D. Ariz. Dec. 28, 2018) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)).

A plaintiff also may serve an out-of-state corporation in the manner prescribed for serving individuals, which allows service by following the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(c)(1). Arizona Rule of Civil Procedure 4.1(i) outlines the steps through which service on a corporation based outside the state may be accomplished:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Ariz. R. Civ. P. 4.1.

A plaintiff's *pro se* status does not excuse him from compliance with Federal Rule of Civil Procedure Rule 4. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

When service of process is found improper, district courts have discretion to decide whether dismissal or quashing service of process is the appropriate remedy. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Where effective service can be made without causing unfair prejudice to the defendant, courts in this

Circuit have reasoned that quashing service is the appropriate course. *See, e.g.*, *Gray v. Saks Fifth Ave. LLC*, No. CV-20-01987-PHX-JJT, 2021 WL 5112055, at *3 (D. Ariz. Nov. 3, 2021); *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015).

When time for service has expired, like in this action, the Court also maintains broad discretion to extend that deadline. *See Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007). In determining whether to exercise this discretion, the Court considers factors such as the length of the delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.*

Although his service was insufficient, Plaintiff attempted service within the Court's prescribed timeline. Defendants are on notice of the lawsuit as it filed the instant Motion. This Court will exercise its discretion to extend the time for Plaintiff to properly serve Defendants.

**II.**

Defendants also move to dismiss Plaintiff's complaint for failing to comply with Rules 8 and 9, Fed. R. Civ. P. (Doc. 14 at 8-12.) A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, are not sufficient to support a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

Plaintiff's complaint is difficult to follow. His allegations regarding required disclosures are mere legal conclusions and insufficient to meet the pleading standard. Plaintiff makes a confusing series of allegations stating that Wells Fargo somehow committed fraud and identity theft because Wells Fargo used his credit card—the one he claims was denied—"to acquire Plaintiff's credit, without providing the Plaintiff the tender that was to accompany the Plaintiff's application." (Doc. 1 ¶¶ 13-17, 29-37).[*]

Plaintiff also cites several federal statutes and regulations and alleges that Wells Fargo did not provide him with "appropriate disclosures in a clear and conspicuous manner." (Doc. 1 ¶¶ 20, 23, 25). Plaintiff does not identify what disclosures were not made to him or why the disclosures made were insufficient. He also does not make any factual allegations to support his legal conclusion that these were not clear and conspicuous. Legal conclusions and threadbare recitals of the elements of a claim are not sufficient to survive a motion to dismiss. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176-77 (9th Cir. 2021) (explaining that "the district court correctly concluded [plaintiff's] complaint did not allege facts sufficient to support his ADA claim because the complaint primarily recited legal conclusions.")

### III.

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified

---

[*] Because the Court finds that the complaint is deficient under Rule 8, Fed. R. Civ. P., it need not address the heightened pleading standard under Rule 9, Fed. R. Civ. P.

- 4 -

in separate sections. In the amended complaint, Plaintiff must write out exactly what the individual or entity did or failed to do, how the action or inaction of that person and/or entity is connected to the violation of his rights, and what specific injury he suffered because of the other person and/or entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count.

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's complaint (Doc. 1) with leave to file an amended complaint no later than May 16, 2024.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by May 16, 2024, the Clerk shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, Plaintiff must file proof of service of the summons and amended complaint or waiver of service with the Clerk of Court no later than June 19, 2024.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter if Plaintiff fails to file proof that Defendants have been properly served by June 19, 2024.

Dated this 2nd day of May, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge